William D. Hyslop
United States Attorney
DEREK TAYLOR
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SOUTH HILL MARKET, a Washington entity; GEDION TEKLEMARIAM TESFA, an individual and OGBAI GEBREMICHAEL TESFU, an individual,

                    Plaintiffs,

vs.

UNITED STATES; and U.S. DEPARTMENT OF AGRICULTURE (USDA),

                    Defendants.

No. 2:19-cv-00073-SMJ

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE REPLY/LEAVE TO FILE SURREPLY

## I. RESPONSE

### A. Defendants' Reply does not raise new arguments.

Defendants were forced to file two declarations in reply in support of their motion for summary judgment to address factual mischaracterizations raised in Plaintiffs' response. Defendants filed the additional declarations in attempts to provide the Court with more than just conclusory points made in reply. Neither the reply nor declarations raise new arguments. Plaintiffs' Motion to Strike/Motion to file a Surreply (ECF No. 37) claims new arguments were raised but fails to articulate what the new arguments might be. A simple look at the pleadings filed to date shows no new arguments were raised.

### 1. Declaration of Elizabeth Rivas

Defendants filed the declaration of Elizabeth Rivas (ECF No. 34) solely to address Plaintiffs' repeated attempts to attribute pictures (ECF 28-4) to FNS. *See* ECF

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE/FILE SURREPLY- 1

No. 28, p. 6; *see also* ECF No. 31, ¶ 6, 19. The pictures were submitted by Plaintiffs during the underlying administrative process, and Ms. Rivas was simply trying to clarify that point. The argument is not new because the exact same point can be found at ECF No. 15 at AR 790 – 793, where FNS specifically addresses the pictures in question, and indicates they are undated photographs submitted by Plaintiffs' representative/accountant Vicki Parker.

In addition, Plaintiffs argue that Ms. Rivas cannot contest where the pictures came from because she was not the FNS contractor doing the site visit and therefore, the statement is hearsay. *See* ECF No. 37. "Parties may ... submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form." *United States v. California Stem Cell Treatment Center, Inc.*, 2020 WL 1289543 (C.D. Cal. 2020) (citing *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006)); *see also* Fed. R. Civ. Pro. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Ms. Rivas' declaration outlines her personal knowledge, does not contain hearsay, and is proper on summary judgment.

As Ms. Rivas points out in her declaration, Plaintiffs' argument misses the boat. Defendants submitted a declaration to help explain the pictures because Plaintiffs chose to file pictures (ECF 28-4) without any type of supporting declaration or affidavit, or any attempt to authenticate the pictures and where they came from. Plaintiffs simply allege the pictures were taken by FNS (ECF No. 31, ¶ 19), [1] but nothing supports this position other than conclusory allegations. The authenticated record indicates otherwise. The pictures were submitted to Ms. Rivas by South Hill's appointed

---

[1] Plaintiffs' responsive documents cite "ECF No. 13-1 at AR 687 – 690" (*see* e.g. ECF No. 31, ¶ 19); however, AR 687-690 is found under ECF No. 15.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE/FILE SURREPLY- 2

representative on May 25, 2018. ECF No. 34; ECF No. 15 at AR 790 – 793.[2] They were not taken by the FNS contractor. *Id.* The Administrative Record in this case makes it obvious these pictures were submitted by Plaintiffs. All of the documents submitted by Plaintiffs in response to the FNS charge letter can be found at AR 103 – AR 780. ECF No. 13-1 – ECF No. 15. The pictures cited by Plaintiff are at ECF No. 15 at AR 687 – 690, right in the middle of all the other documents they submitted. Ms. Rivas' declaration clarifies this point and should not be stricken from the record. There is nothing new about the argument and it is responsive to an unsupported factual statement made in Plaintiffs' response.

### 2. Deposition excerpts attached to the Supplemental Declaration of Derek Taylor

Plaintiff also takes issue with the additional deposition excerpts filed in reply. Once again, the additional excerpts were necessitated by facts outlined in Plaintiffs' responsive documents which failed to provide context, or in some instances, were contradictory to deposition testimony. *See* ECF No. 33, p. 6.  For example, Plaintiffs' response submitted a bunch of new receipts showing what customers purchased from South Hill Market around June - August 2018. ECF No. 28-6. The receipts are not authenticated, nor attached to any kind of declaration or affidavit. More importantly, however, the existence of the receipts are contrary to previous testimony.

The fact that plaintiff Gedion Tesfa testified under oath at his deposition that South Hill Market produced all the invoices in its possession and *it does not keep receipts or records of what customers purchased* is not a new argument. The Declaration of Derek Taylor (ECF No. 27-1) filed on May 22, 2020 includes an excerpt from Mr. Tesfa's deposition where he testifies:

> **Q.** So, you don't have – you have records of what you have bought from vendors, but you don't have records of what you've sold to customers; is that correct?

---

[2] Any other pictures of South Hill from the 2015 timeframe were not part of the EBT record for the November 2017 – November 2018 review period. ECF No. 34.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE/FILE SURREPLY- 3

**A.** <u>Yes, that is</u>.

ECF No. 27-1, Tesfa Dep., p. 27:1-8. The additional excerpts filed in the Supplemental Declaration of Derek Taylor (ECF No. 35) show that Mr. Tesfa simply reaffirms the testimony already in the record. Mr. Tesfa repeatedly testified South Hill could not provide records of what customers purchased, yet plaintiffs filed numerous such documents in response to Defendants Motion for Summary Judgment. Highlighting that inconsistency in reply is not improper, nor was it improper to add more portions of his deposition transcripts that simply confirms an already raised argument.

Similarly, Defendants submitted another portion of Mr. Tesfa's deposition transcript where he testifies that he cannot explain why multiple transactions occurred in quick succession. ECF No. 35, Tesfa Dep., pp. 29:24-25 – 30:1-6. These excerpts were submitted because Mr. Tesfa filed a declaration in response to the motion for summary judgment where he now provides multiple explanations, albeit without any factual support. ECF No. 30. The additional excerpts show that Mr. Tesfa should not be able to create an issue of fact based on inconsistent statements that are conclusory.

### B. No Prejudice to Plaintiffs

Plaintiffs cannot show the additional declarations are prejudicial, mainly because the points raised are not new. The declarations address issues related to (1) pictures of teff flour, and (2) South Hill Market invoices and receipts. These arguments have been at the center of this case since it was in the administrative review process. Plaintiffs attempt to strike documents or submit a surreply is really an attempt to get the last word, which is not how the process works. Plaintiffs' motion should be denied.

### C. Even if Declarations are not considered, the record still supports summary judgment.

As indicated above, the record already establishes the contents of the Declaration of Elizabeth Rivas and the Supplemental Declaration of Derek Taylor. For example, the Administrative Record shows the pictures in ECF 28-4 were undated photographs

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE/FILE SURREPLY- 4

submitted by South Hill itself. ECF No. 15 at AR 790 – 793. This is nothing new and the declaration merely confirms that point.

The same can be said about Mr. Tesfa's deposition excerpts. A portion of the record already showed he testified South Hill Market does not keep records of what it sold to customers. ECF No. 27-1, Tesfa Dep., p. 27:1-8. The additional excerpts confirm that point, as well as show additional inconsistencies. So even if the declarations filed in reply are not considered, the record still supports Defendants Motion for Summary Judgment.

### D. Defendants request Oral Argument if Plaintiffs' Motion is granted.

Defendants respectfully request Oral Argument on the Motion for Summary Judgment if the Court is inclined to grant Plaintiffs' motion to strike/leave to file surreply. Defendants want the record to be clear, and oral argument would allow the Court to ask questions about factual inconsistencies contained in Plaintiffs' response and/or surreply. It would also allow Defendants the opportunity to address any potential issues raised by a surreply. Defendants are willing to work with Plaintiffs counsel and the Court's calendar to find an appropriate time for oral argument.

### II. CONCLUSION

Defendants reply materials do not raise new arguments. The declarations respond specifically to factual inconsistencies or new documents submitted in Plaintiffs' response. A surreply is not needed nor warranted, and it is simply designed to give Plaintiff the last word. Defendants respectfully request the Court deny Plaintiffs' motion to strike/file a surreply. If the Court is inclined to grant the motion, Defendants respectfully request oral argument on their Motion for Summary Judgment.

\\
\\
\\

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE/FILE SURREPLY- 5

RESPECTFULLY SUBMITTED: July 6, 2020.

        William D. Hyslop
        United States Attorney

        s/Derek T. Taylor
        DEREK T. TAYLOR
        Assistant United States Attorney
        Attorneys for Defendant United States

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE/FILE SURREPLY- 6

## ***CERTIFICATE OF SERVICE***

I hereby certify that on July 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

   Seth Rosenberg                      seth@seattlelitigation.net
   Jimmy Garg                           jimmy@seattlelitigation.net

And to the following non CM/ECF participants:    N/A

                                                *s/Derek T. Taylor*
                                                Assistant United States Attorney

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE/FILE SURREPLY- 7