William D. Hyslop
United States Attorney
DEREK TAYLOR
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SOUTH HILL MARKET, a Washington entity; GEDION TEKLEMARIAM TESFA, an individual and OGBAI GEBREMICHAEL TESFU, an individual,

       Plaintiffs,

  vs.

UNITED STATES; and U.S. DEPARTMENT OF AGRICULTURE (USDA),

       Defendants.

No. 2:19-cv-00073-SMJ

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST AND WITNESS LIST (ECF No. 43)

 Defendant United States of America, by and through its counsel of record, William D. Hyslop, United States Attorney for the Eastern District of Washington, and the undersigned Assistant United States Attorneys, pursuant to the Court's Scheduling Order (ECF No. 19), hereby submits its objections to Plaintiff's Exhibit List and Witness List (ECF No. 43).

## I. **INTRODUCTION**

 Many of the exhibits submitted by Plaintiffs are irrelevant to the Food and Nutrition Services (FNS) finding that South Hill Market (South Hill) trafficked SNAP benefits based on a review period of November 2017 through March 2018. Fed. R. Evid. 401, 402. Even if the Court determines exhibits have questionable relevance, the probative value is often outweighed by exhibits that are confusing, misleading, or needlessly cumulative. Fed. R. Evid. 403. Numerous exhibits also contain hearsay with no applicable exception. Fed. R. Evid. 802. For these reasons and reasons set

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 1

forth in further detail below, Defendants specifically object to Plaintiffs' exhibits: 3; 4; 5; 6; 7; 8; 9; 10; and 11.

Defendants' object to Plaintiffs witness list to the extent numerous listed witnesses appear to be needlessly cumulative.

## II.  **PROCEDURAL BACKGROUND**

Plaintiffs Gedion Tesfa and Ogbai Tesfu own South Hill Market, a convenience store which was authorized to participate in SNAP in 2015. In 2017, USDA's FNS detected patterns of SNAP redemption consistent with trafficking at South Hill—specifically, 309 unusually large and unusually frequent transactions. FNS then conducted an onsite investigation and further analysis of the store's transaction data, ultimately concluding that there was no justification for the suspicious transactions and it was more likely than not that the store was trafficking SNAP benefits. During the investigative process, FNS also learned that South Hill's SNAP redemptions exceeded its total eligible inventory for three months of the review period. After an administrative review process, FNS issued a Final Agency Decision upholding the agency's decision to permanently disqualify South Hill from SNAP because Plaintiffs had failed to justify the unusually large and frequent transactions.

Under the Food and Nutrition Act and the SNAP regulations, "FNS shall . . . [d]isqualify a firm permanently if . . . personnel of the firm have trafficked as defined in § 271.2." 7 C.F.R. § 278.6(e)(l)(i); 7 U.S.C. § 2021(b)(3)(B). Trafficking includes "[t]he buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via [EBT] cards, card numbers and [PINs], or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." 7 C. F.R. § 271.2(1). FNS may base its decision to disqualify an authorized retailer on evidence including "facts established through on-site investigations, inconsistent redemption data, evidence obtained through a transaction report under an [EBT] system, or the disqualification of a firm from the Special Supplemental Nutrition Program for Women, Infants and Children . . . ." *Id.* at

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 2

§ 278.6(a).

Plaintiffs filed their complaint against the United States on March 7, 2019, seeking review of FNS' decision. ECF No. 1. The United States filed its motion for summary judgment on May 22, 2020. ECF No. 26. In their response on June 12, 2020, Plaintiffs included the above referenced documents as exhibits. *See* ECF Nos. 28-2 – 28-9. Plaintiffs now seek to introduce these same documents into evidence at trial. ECF No. 43.

### III.  **ARGUMENT**

The exhibits Plaintiffs seek to introduce are attempts to reinforce the same general conclusory theories they have relied on throughout the case. They are not probative of the 309 transactions identified by FNS during the review period (November 2017 to March 2018) indicative of trafficking. In fact, none of the exhibits address the transactions in question. This Court should reject these exhibits because they are irrelevant and excluded by the Federal Rules of Evidence.

### A.    **FNS Charge Numbers (Exhibit 3)**

Plaintiffs submit a one page document purporting to show FNS charge numbers for 2016, 2017, and 2018. The documents are irrelevant to the underlying issue in this case – can Plaintiffs prove by a preponderance of evidence they did not traffic in SNAP benefits based on an FNS review from November 2017 – November 2018. Fed. R. Evid. 401, 402. What FNS may have done in other SNAP cases is irrelevant to that question. *Id.* In fact, the only purpose for the Exhibit 3 is to show FNS acted in conformance with these other charging decisions, which is character evidence specifically excluded under Fed. R. Evid. 404.

Even if the evidence is deemed relevant, and is somehow not excluded under Fed. R. Evid. 404, the probative value is substantially outweighed by the confusing and misleading nature of the exhibit. Plaintiffs used the same document in response to Defendants' Motion for Summary Judgment. See ECF No. 28, p. 2; ECF No. 28-2. It is anticipated they will use it the same way at trial – to extrapolate percentages to imply FNS acted in conformance to the numbers listed. ECF Np. 28, p.2. Plaintiffs' use of the

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 3

numbers is misleading – FNS can send a charge letter toward the end of one calendar year, but not issue a final decision until the following year. Therefore, just because a charge letter was issued in 2016, for example, does not mean a determination letter was issued the same year. Any conclusion to that effect is misleading or confusing, and should not be considered. Fed. R. Evid. 403.

###    B.    Customer Affidavits (Exhibit 4)

The customer affidavits contained in Plaintiffs' Exhibit 4 are irrelevant and inadmissible hearsay. The affidavits are irrelevant because they are purportedly executed more than a year after FNS' investigation of South Hill. One affidavit is undated, and the others are signed in October/November 2019. The review period in this case was from November 2017 – March 2018, with a store visit on April 2018. Affidavits signed more than a year after the fact can have little bearing on this case, especially since the affidavits do not even clarify when the customers allegedly shopped at South Hill or what they *may* have purchased. They are nothing more than generalized, conclusory statements. *See Cheema v. United States*, 365 F. Supp. 3d 172, 183-84 (D. Mass. 2019) (customer affidavits are too generalized to effectively refute the USDA's data); *Famous Int's Mkt. v. United States*, 2018 WL 3015249, at *11 (E.D. Pa. June 15, 2018) ("the customers do not refute or provide detail on specific purchases at issue and do not provide detail corroborating the Market's belief customers made repetitive transactions because [of] the Market's store hours."); *Duchimaza v. United States*, 211 F. Supp. 3d 421 (D. Conn. 2016) ("Plaintiffs' assertion that members of the same family would visit the store on the same day is simply a conclusion; Plaintiffs cite no examples, provide not data and do not even attempt to account for the specific transactions the FNS identified….") The affidavits are irrelevant and inadmissible under Fed. R. Evid. 402.

More importantly, the affidavits are hearsay excluded by Fed. R. Evid. 802. All of the affidavits contain out of court statements offered to prove the truth of the matter asserted – e.g. several customers *may* have bought more than $100 worth of items from South Hill at some undefined time. Fed. R. Evid. 801; ECF No. 28-3. There is no

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 4

applicable exception to the hearsay rule under either Fed. R. Evid. 803 or 804, and none of the declarants are listed as witnesses at trial. The affidavits must be excluded.

### C.    Pictures of Teff Flour (Exhibit 5)

Defendants' objection to Exhibit 5 is under Fed. R. Evid. 403. The pictures are unnecessarily cumulative, and it makes more sense to use the exact same pictures in the Administrative Record at AR 687 – 690. ECF No. 15 at AR 687-690.

### D.    HistoryLink.org Article, "Ethiopian and Eritrean Communities in Seattle" (Exhibit 6)

Plaintiffs seek to introduce an article discussing the Ethiopian and Eritrean communities in Seattle. This is not relevant as to whether South Hill, a convenience store in Spokane, trafficked SNAP benefits. Fed R. Evid. 401. Accordingly, it is inadmissible. Fed R. Evid. 402. The exhibit is also confusing/misleading because it relates to Seattle not Spokane. Fed. R. Evid. 403.

Additionally, the article is hearsay and is not admissible. Fed. R. Evid. 802. "It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted[.]" *AFMS LLC v. UPS Co.*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, No. MDL 765, 1990 U.S. Dist. LEXIS 19207, 1990 WL 126500, at *3 (D. Ariz. July 25, 1990)).  Plaintiffs offer the article to prove the content of the story: that there is a large Ethiopian and Eritrean community in Seattle (presumably inferring Washington in general). Accordingly, it is inadmissible hearsay. Fed R. Evid. 801(c).

### E.    June – September 2018 Receipts of alleged EBT Transactions at South Hill Market (Exhibit 7)

Plaintiffs introduce register receipts spanning June 5, 2018 through September 3, 2018. Again, these receipts are irrelevant: they are outside the review period and do not address any of the 309 suspicious transactions FNS identified in its charge letter. Fed R. Evid. 401, 402. The receipts all date from after Plaintiffs had been informed of the trafficking charge against them, and are not indicative of their sales before they knew

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 5

they were being investigated for trafficking. The receipts are irrelevant as to whether South Hill was trafficking SNAP benefits during the review period and are not admissible. Fed. R. Evid. 402. It should also be noted the receipts were first disclosed in June 2020 (past the discovery cut-off) in response to Defendants Motion for Summary Judgment, and after Plaintiffs repeatedly testified they could not produce such documents. Because Plaintiffs have consistently testified they cannot produce evidence of what customers purchased, the original receipts should be required under Fed. R. Evid. 1002, 1003. Genuine questions exist about the original exhibits authenticity.

### F.    Invoices Billed to South Hill Market (Exhibit 8)

In support of their assertion that teff flour sales explain the suspiciously large transactions, Plaintiffs have included numerous alleged invoices from their supplier. These invoices are irrelevant and inadmissible. Fed R. Evid. 402. Relevance is the tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. "Relevancy is not an inherent characteristic of any item of evidence, but exists only as a relation between an item of evidence and a matter properly provable in the case." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (quoting Advisory Committee's Notes on Fed. R. Evid. 401, 28 U.S.C. App., p. 688). These invoices, however, add nothing new to the question of whether the suspicious transactions during the review period were legitimate. Not only are most of the invoices from outside the review period, they include invoices from before Plaintiffs even owned the store. Additionally, the only invoices that *are* from the review period were previously provided to FNS and are part of the record. ECF No. 13-1 at AR 223; ECF No. 14 at 457; ECF No. 15 at 663. Duplicate evidence will not make it "more or less probable" that the transactions were legitimate. Fed R. Evid. 401(a), Fed. R. Evid. 403.

The invoices are also inadmissible hearsay. They are written statements made out of court and offered for the truth of the matter asserted – that is, that South Hill purchased teff flour. *See Advanced Reimbursement Solutions LLC v. Spring Excellence Surgical Hosp.,* 2020 WL 587841, *4 (D. Ariz. February 5, 2020) (invoices are inadmissible

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 6

hearsay unless exception applies); *see also ID Security Systems Canada, Inc. v Checkpoint Systems, Inc.*, 249 F. Supp. 2d 622, 683 (E.D. Penn. 2013) (invoices inadmissible hearsay in absence of testimony from employee knowledgeable about invoice generation during relevant time period.) Thus, for the invoices to be admissible South Hill must show that an exception to the hearsay rule applies. *In re Oracle Corp. Sec. Litig.,* 627 F.3d 376, 385 (9th Cir. 2010) (the party seeking admission … bears the burden of proof to show its admissibility).

The only relevant exception to the hearsay rule is Fed. R. Evid. 803(6) – the business records exception. The rule "allows the admission of business records when two foundational facts are proved: (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity." *Sea-Land Serv., Inc. v. Lozen Int'l, LLC.*, 285 F.3d 808, 819 (9th Cir. 2002). Proper foundation requires an employee knowledgeable about invoice generation during the relevant time period. *ID Security System*, 249 F. Supp. 2d at 683. Here, there is no witness to testify about the invoice generation. ECF No. 43 (Plaintiffs' witness list does not include anyone from the Teff Flour Company). The invoices are therefore, inadmissible hearsay. They do not have any other indicia of reliability because many of them look different, they contain different information, and many lack any indication they are actually from the supplier Teff Flour Company. *See* ECF No. 15 at AR 792-94.

### G.    June 2, 2014 Money.com Article, "Your Grocery Store May Soon Be Cut in Half" (Exhibit 9)

Plaintiffs seek to introduce an article describing the increased popularity of smaller grocery stores. Again, this is irrelevant because it does not bear on any fact of consequence in this case. Fed. R. Evid. 401. As discussed below, the size of South Hill is not a factor in determining whether Plaintiffs trafficked SNAP benefits—nor is South Hill the size of stores like Trader Joe's and ALDI. Accordingly, the article is not admissible. Fed. R. Evid. 402. The article is also misleading and confusing because South

Hill is not a grocery store – it is a gas station. Fed. R. Evid. 403.

Like the above article about Seattle, this article is offered to prove the truth of its contents and is thus inadmissible hearsay. Fed. R. Evid. 801(c), 802.

### H.    South Hill Market Property Size Chart (Exhibit 10)

Plaintiffs seek to introduce the property information report from the Spokane County Assessor for the parcel on which South Hill is located. The report lists the property as a "multi-tenant strip [mall]" with a single building onsite measuring 21,152 square feet. This report does not indicate South Hill itself is 21,152 square feet; rather, the building in which South Hill and its neighboring businesses are located is 21,152 square feet in total. The property report says nothing about the size of South Hill.

Further, the store's size is not probative of any fact of consequence in this action. See Fed. R. Evid. 401(b).  Store size is not a factor FNS considers in determining whether it is more likely than not that trafficking has occurred. Thus, information tending to indicate something about South Hill's size is not relevant and should be excluded. Fed R. Evid. 402.

Even if it were probative evidence, the assessor's information should be excluded under Fed. R. Evid. 403 because any relevance is substantially outweighed by the confusion and waste of time the evidence would create. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any evidence about South Hill's size will first require resolution of the discrepancies in its reported size. Plaintiffs have variously described the store as 21,000 square feet or 10,000 square feet. See ECF No. 13-1 at AR 100; ECF No. 15 at AR 832; ECF No. 29-3, Tesfa Dep. p. 34:18–24. The FNS contractor's visits approximated the store's size as 5,200 square feet in 2018. ECF No. 13-1 at AR 50. Despite these discrepancies, however, the size of the store is not relevant as to whether the suspicious transactions were legitimate. ECF No. 35, Rivas Dep. p 15:8–11. The side issue or "mini trial" is

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 8

accordingly a waste of time that needlessly confuses the real issue in this case: whether Plaintiffs trafficked SNAP benefits. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (affirming district court that excluded disputed evidence because allowing such evidence would be an inefficient allocation of trial time as it will create "mini trials").

The exhibit is also not properly authenticated under Fed. R. Evid. 901, 902(1)-(2). Since Plaintiffs are also using the exhibit to prove the truth of the matter asserted – that somehow South Hill Market takes up the entire 21,000 square foot building – the exhibit is hearsay without a proper witness to provide necessary foundation testimony to fall under an exception. Fed. R. Evid. 802, 803.

## I.    Letter from Dangachew Uma (Exhibit 11)

Similar to the Customer Affidavits above (Exhibit 4), Plaintiffs' Exhibit 11 is irrelevant and inadmissible hearsay. Fed. R. Evid. 402, 802. The letter does not discuss any time frame regarding the sale of teff lour, and it is dated over two years after the FNS review. The letter does not tend to prove one way or the other whether South Hill trafficked in SNAP benefits. In addition, the letter is hearsay under Fed. R. Evid. 801 and 802. The exhibit should be excluded from evidence.

## J.    Witnesses

Plaintiffs provide a list of 9 witnesses expected to testify at trial. Witnesses 1 through 5 are all listed as "current or former employee[s] of South Hill Market and [are] expected to testify to the sale of EBT eligible items, and other store policies regarding SNAP benefits." ECF No. 43. The expected testimony appears needlessly cumulative, and should be limited under Fed. R. Evid. 403 to the extent each witnesses does not provide different/new testimony. Defendants also reserve the right to object to all the other listed witnesses pursuant to Fed. R. Evid. 402.

## IV.    <u>CONCLUSION</u>

This Court should exclude the above documents from evidence at trial. They are irrelevant and inadmissible evidence under Federal Rules of Evidence 401, 402, 403,

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 9

1   801, 802, 901, 902, 1002, and 1003. This Court should also limit witnesses that are

2   needlessly cumulative.

3

4          RESPECTFULLY SUBMITTED:   July 10, 2020.

5                                          William D. Hyslop
                                           United States Attorney
6

7                                          s/Derek T. Taylor
                                           DEREK T. TAYLOR
8                                          Assistant United States Attorney
                                           Attorneys for Defendant United States
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS TO EXHIBIT AND WITNESS LIST - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ***CERTIFICATE OF SERVICE***

I hereby certify that on July 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Seth Rosenberg | seth@seattlelitigation.net |
| Jimmy Garg | jimmy@seattlelitigation.net |

And to the following non CM/ECF participants:     N/A

*s/Derek T. Taylor*
Assistant United States Attorney